# EXHIBIT "A"

JEFFREY L. HOGUE, ESQ. (SBN 234557)
TYLER J. BELONG, ESQ. (SBN 234543)
BRYCE A. DODDS, ESQ. (SBN 283491)
**HOGUE & BELONG**
430 Nutmeg Street, Second Floor
San Diego, CA 92103
Telephone No: (619) 238-4720
Facsimile No: (619) 270-9856

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/10/2014** at 04:42:54 PM

Clerk of the Superior Court
By Rachel Harmon, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO - CENTRAL

JACKIE ONEAL USHER, individually and on behalf of all others similarly situated

Plaintiffs,

vs.

WHITE COMMUNICATIONS, LLC, an Iowa limited liability company; DIRECTV (CA), CORP., a Delaware corporation; and DOES 1 through 300, inclusive

Defendants.

) CASE NO.: 37-2014-00038321-CU-OE-CTL
)
)
) **CLASS ACTION COMPLAINT FOR**
) **DAMAGES**
)
) 1. **Violation of California Labor Code §§ 204,**
) **510, 1194, and 1198 – Failure to Pay for**
) **All Time Worked & Overtime Worked;**
)
) 2. **Violation of California Labor Code §§**
) **226.7, 512 – Failure to Provide Meal**
) **Periods or Compensation in Lieu Thereof;**
)
) 3. **Violation of California Labor Code § 226.7**
) **– Failure To Provide Rest Periods or**
) **Compensation in Lieu Thereof;**
)
) 4. **Violation of California Labor Code § 221 –**
) **Illegal Wage Deductions;**
)
) 5. **Violation of California Labor Code §§ 201-**
) **203 – Failure to Pay all Wages Due Upon**
) **Ending of Employment;**
)
) 6. **Violation of California Labor Code §§ 226,**
) **1174, 1175 – Failure to Provide Accurate**
) **Itemized Employee Wage Statements;**
)
) 7. **Violation of Business and Professions Code**
) **§ 17200,** *et seq.* **– Unfair Business**
) **Practices;**
)
) **DEMAND FOR JURY TRIAL**

-1-

Plaintiff JACKIE ONEAL USHER ("Plaintiff" or "Mr. Usher"), individually, and on behalf of all others similarly situated (collectively, "Plaintiff Class"), demanding trial by jury, complains and alleges, upon information and belief, as follows:

## INTRODUCTION

1.     This is a class action brought by Plaintiff on behalf of himself and all others similarly situated, who have sustained injuries or incurred damages arising from deliberate violations of California's wage and hour laws by defendants WHITE COMMUNICATIONS, LLC ("White"), DIRECTV (CA), CORP. ("DirecTV"), and DOES 1 through 300 (collectively, "Defendants").

2.     Plaintiff petitions this Court to allow him to represent and prosecute claims against Defendants in class action proceedings on behalf of all those similarly situated who are residents of the state of California.

3.     Collectively, Plaintiff, Plaintiff Class (defined below), and Plaintiff Subclasses (defined below) shall be referred to as "Plaintiff Classes".

## JURISDICTION AND VENUE

4.     This class action is brought under California Code of Civil Procedure section 382. The monetary damages, penalties, and restitution sought by Plaintiff and Plaintiff Classes exceed the minimal jurisdictional limits of the Superior Court.

5.     This Court has jurisdiction over this action under the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.     This Court has jurisdiction over Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

7.    White's "nerve center" is located in the County of Davis, Iowa, where White directs, controls, and coordinates its business.

8.    DirecTV's "nerve center" is in the county of Los Angeles, located at 2260 E. Imperial Hwy., El Segundo, CA 90245.

9.    Venue as to each defendant is proper in this judicial district under California Code of Civil Procedure, sections 395(a) and 395.5, as a portion of the acts complained of herein occurred in the County of San Diego. The injuries to Plaintiff and Plaintiff Classes occurred in the County of San Diego. Each of the defendants either owns, maintains offices, transacts business, has an agent or agents within the County of San Diego, or otherwise is found within the County of San Diego. Plaintiff and members of Plaintiff Classes were employed by Defendants in the County of San Diego.

## THE PARTIES

10.    Plaintiff is an individual and resident of the County of San Diego in the state of California. Plaintiff was, and at all relevant times has been, an employee of Defendants. Plaintiff brings this action on behalf of himself and all others similarly situated, and in a representative capacity under California Business and Professions Code, sections 17000-17200, *et seq.*, as a class action. Plaintiff reserves the right to name additional representatives.

11.    White is an authorized DirecTV retailer. White is incorporated in the state of Iowa, with its principal place of business located at 1111 W. Jefferson Street, Suite 2, Bloomfield, Iowa, 52537.

12.    DirecTV is headquartered in El Segundo, California.

13.    Defendants conducted business within the County of San Diego, California within the relevant time period.

14.    The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of defendant DOES 1 through 300, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names under California Code of Civil Procedure section 474. Plaintiff reserves the right to seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 300, inclusive, when they are ascertained.

-3-

15.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged. Plaintiff is unaware of the true names of DOES 1 through 300, but alleges, on information and belief, that they were the agents, principals, employers, partners, joint venture, officers, directors, controlling shareholders, subsidiaries, affiliates, alter egos, parent corporations, and or successors in interest or predecessors of each and every other Defendant. In doing the things alleged herein, each and every Defendant was acting within the course and scope of these relationships and was acting with the consent, permission, and authorization of each of the remaining Defendants. All actions of each Defendant alleged herein were ratified and approved by the other Defendants and or their officers or managing agents.

16.     Plaintiff is informed and believes, and based upon that information and belief alleges, that each defendant knowingly and willfully acted in concert, conspired, and agreed together among themselves and entered into a combination and systemized campaign of activity to, *inter alia*, damage Plaintiff and to otherwise consciously and or recklessly act in derogation of Plaintiff's rights and the trust reposed by Plaintiff in each defendant, said acts being negligently and or intentionally inflicted. Said conspiracy and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants represented a unified body so that the actions of one defendant was accomplished in concert with, and with knowledge, ratification, authorization, and approval of each of the other defendants.

17.     Plaintiff is informed and believes, and based upon that information and belief, alleges that each of the defendants at all times mentioned herein was, the agent, servant, and or employee of each of the other defendants and that each defendant was acting within the course and scope of his, her, or its authority as the agent, servant, and or employee of each of the other defendants. Each of the DOE defendants was the alter ego of defendant. Consequently, all of the defendants are jointly and severally liable to Plaintiff and Plaintiff Class for the damages incurred as a proximate result of Defendants' conduct.

18.     Upon information and belief, Plaintiff alleges that each of the above-described defendants was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct.

## FACTUAL ALLEGATIONS

19.     Plaintiff was a service technician whose contract was with White, but who did exclusive work for DirecTV.

20.     DirecTV indirectly controlled White.

21.     DirecTV is a business that provides satellite-based digital television services to customers in homes and businesses.  DirecTV authorizes and works with various businesses to provide these services directly to the consumer.

22.     DirecTV authorized White to recruit and manage skilled labor to educate the customer, perform site surveys of customer homes to show the customer exactly where the satellite dish would be installed, and install DirecTV's satellite systems in customer's homes and businesses.  DirecTV set the requirements for worker qualifications White was to use when recruiting the skilled labor.

23.     White, as an authorized DirecTV retailer, installs and services residential, multi-family, and commercial satellite systems.  Further, White recruits and manages the skilled labor it obtains for the purpose of servicing, educating, and installing DirecTV's satellite systems.

24.     In its usual course of business, White recruits service technicians to for purposes of educating customers on the product, installing, and servicing  DirecTV satellite systems.  When White hires a service technician, White requires the service technician to sign an "Installation Services Agreement," which purports to create an independent contractor relationship between White and the service technician.

25.     Once the Installation Service Agreement is entered into between White and the service technician, the service technician can begin the work assigned by DirecTV and White.

26.     DirecTV schedules appointments with customers, informs White of those appointments, and White accordingly dispatches the service technicians on those appointments.

-5-

27.     The appointments DirecTV schedules and that White dispatches the service technicians to include new system installations, upgrades to existing systems, and service calls. While service technicians are paid for new installations and upgrades, they are not paid for service calls; service technicians are expected by DirecTV to perform service calls for free. Sometimes DirecTV would characterize a service call as an upgrade to entice a service technician to perform the free service call. When a service technician would complain about having to perform service calls for free, DirecTV threatened to terminate the service technician and suspend White's contract.

28.     While White supervised the service technicians, the supervision was subject to DirecTV's strict scrutiny. DirecTV would overrule any decision of White's it disagreed with, and would threaten to fire service technicians and cancel or suspend White's contract. This was the preferred method DirecTV used to manage and control the service technicians.

29.     Further, DirecTV dresses the service technicians in clothing marked with the DirecTV logo for the scheduled appointments. Not only do the service technicians wear the DirecTV logo, but so do White's managerial employees.

30.     Customers are led to believe that the service technicians are in fact employees of DirecTV. The customers call DirecTV for an appointment; a service technician arrives for the appointment in a vehicle bearing DirecTV's logo and wearing DirecTV clothing, installs or upgrades DirecTV's satellite systems, educates the customer and or troubleshoots DirecTV products; and customers call DirecTV if they have complaints about a service technician. In all respects, to the customer, DirecTV holds the service technicians out as DirecTV employees.

31.     On or about October 26, 2012, Defendants hired Mr. Usher as a service technician. As a service technician, DirecTV and White sent Mr. Usher and other service technicians to customers' homes and businesses to educate the customers on DirecTV's products, conduct "walk-throughs" to determine where to install DirecTV's products, suggest to customers where to install DirecTV's satellite dishes, and ensure Defendants' customers signed Defendants' pre-printed satellite dish lease agreements. Mr. Usher did not have a supervisor present while he went to appointments, nor did the other service technicians.

-6-

32.     Throughout Mr. Usher's employment, Defendants misclassified him as an independent contractor.  Upon information and belief, Defendants have misclassified not only Mr. Usher as an independent contractor, but over 200 other employees as independent contractors in the state of California.

33.     Defendants misclassified Mr. Usher as an independent contractor to force him to work 7 days per week, with few exceptions.  For each of those seven days, Mr. Usher would work no less than eight hour shifts.  Often, Defendants ordered Mr. Usher to work over eight hours, over ten hours, and even over 12 hours.  DirecTV set Mr. Usher's schedule and could monitor his time through a handheld device Defendants provided.  Even when Mr. Usher had requested a day off, DirecTV would still require Mr. Usher to perform work.  If Mr. Usher refused, he would be threatened with termination.  For all of the hours Mr. Usher worked, Defendants never paid Mr. Usher any overtime wages.

34.     Defendants' service technicians, including Mr. Usher, typically needed to arrive at the warehouse by 7:00 a.m., arrive at their first job by 8:00 a.m., and work until they complete their last job, even if doing so requires them to work more than eight hours.  Typically, Mr. Usher and other service technicians worked 10 hours per day, and on average, worked more than 8 hours per day 3-4 times per week and more than 10 hours per day 2 times per week.  Mr. Usher has worked as many as 16 hours in one day.  On average, Mr. Usher worked 55-60 hours per week, working as many as 70-80 hours during one week.

35.     Defendants had no employee manual.  As such, Defendants had no policy related to overtime, meal breaks, and rest breaks.

36.     Further, Defendants never paid Plaintiff nor any of their other employees overtime wages even though Plaintiff and Defendants' other employees frequently worked over 8 hours in a day.  Not only did Defendants not pay Mr. Usher overtime wages, but Defendants did not pay Mr. Usher premium wages for Defendants' failure to provide Mr. Usher the opportunity to take meal periods and rest breaks.

37.     Defendants never provided Mr. Usher with a meal period during his employment even though Mr. Usher worked shifts over five hours.  Mr. Usher also worked 10 straight hours

-7-

without being provided two meal periods.  Mr. Usher never entered into an agreement to waive his meal periods.  Mr. Usher was never informed that he was entitled to at least a 30-minute meal period to be taken within the first five hours of his shift if he worked a shift over five hours. Based on Defendants' scheduling practices, Mr. Usher was afforded no opportunity to take a legally-compliant meal period.

38.     Defendants never permitted their employees, including Mr. Usher, to take rest periods.  In fact, Defendants never provided Mr. Usher a legally-compliant rest period.

39.     Mr. Usher and other service technicians could not stop to take a meal period or rest break particularly if they were running late to a job.  If a service technician ever arrived late to an appointment for any reason, Defendants would charge the service technician $50.00 for violating DirecTV's "On Time Guarantee," even if that Service Technician called the customer ahead of time to inform the customer of a late arrival.  Defendants have deducted $50.00 from Mr. Usher for violation of the On Time Guarantee.  Service technicians could also be suspended for violations of the On Time Guarantee.  At times, DirecTV would charge service technicians for an "On Time Guarantee" violation for multiple days, even if the service technician was only late to one job.  Defendants not only charged Service Technicians $50.00 for violations of the "On Time Guarantee", but used the threat of those $50 fines and suspension to discourage service technicians, including Mr. Usher, from taking meal periods and rest breaks.  Because of how Defendants would schedule appointments, Mr. Usher and other service technicians would invariably violate the "On Time Guarantee" and get charged $50 if they took a meal or rest period.

40.     Defendants paid Mr. Usher and other service technicians by the job.  Mr. Usher estimates he was paid on average $100 per job.  Per day, Mr. Usher estimates he was paid around $250-$275.

41.     When Defendants paid Mr. Usher, Defendants did not furnish him with a legally-compliant wage statement containing (1) accurate gross wages earned; (2) accurate total number of hours worked; (3) accurate piece-rate units worked and applicable piece rate; (4) all deductions; (5) accurate net wages earned; (6) the last four digits of the employee's social security number or other employee identification number; (7) the name and address of the legal entity that is the

-8-

1  employer; and (8) all applicable hourly rates in effect during the pay period and the number of

2  hours worked at each hourly rate.

3      42.    On August 28, 2014, DirecTV terminated Mr. Usher's employment.  Mr. Usher,

4  however, was not provided his final paycheck until after that day, or around September 1, 2014.

5      43.    On October 28, 2014, Ms. Usher sent by certified mail, return receipt requested, a

6  letter to the California Labor and Workforce Development Agency ("LWDA") outlining his

7  claims against White for White's violations of the California Labor Code. Mr. Usher intends to

8  amend this Complaint—as a matter of right—to allege violations of the Private Attorney General

9  Act ("PAGA") once his statutory administrative prerequisites have been satisfied. (*See* Cal. Labor

10  Code § 2699.3(a)(2)(C).)

11                          **CLASS ALLEGATIONS**

12      44.    This class action is properly brought under the provisions of California Code of

13  Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of

14  Civil Procedure, which have been adopted by the California Supreme Court for use by the trial

15  courts of this State.  Plaintiff brings this class action on behalf of himself and all other others

16  similarly situated, with Plaintiff proceeding as the representative member of the proposed class

17  defined as follows:

18          All current, former, or prospective service technicians or similar type
19          positions that are misclassified as independent contractors of Defendants
            in the State of California who have not received compensation for all time
20          worked and or all overtime worked in violation of the California Labor
            Code and applicable wage orders from November 10, 2010 to the date of
21          judgment. ("Plaintiff Class").

22      Plaintiff also seeks certification of the following subclass:

23          All current, former, or prospective service technicians or similar type job
            positions that are misclassified as independent contractors of Defendants
24          in the State of California who worked shifts over 5 hours without mutually
            consenting to a waiver of their meal periods and have not been
25          compensated for missed, late, or interrupted meal periods in violation of
            the California Labor Code and applicable wage orders during any time
26          between November 10, 2010 and the date of judgment. ("Plaintiff
            Subclass No. 1").

27  ///

28  ///

Plaintiff also seeks certification of the following subclass:

> All current, former, or prospective service technicians or similar type job positions that are misclassified as independent contractors of Defendants in the State of California who have not been able to take a rest period and have not been compensated for missed, late, or interrupted rest periods in violation of the California Labor Code and applicable wage orders any time between November 10, 2010 and the date of judgment. ("Plaintiff Subclass No. 2").

Plaintiff also seeks certification of the following subclass:

> All current, former, or prospective service technicians or similar type job positions that are misclassified as independent contractors of Defendants in the State of California from whom Defendants deducted earned wages in violation of the California Labor Code and applicable wage orders any time between November 10, 2010 and the date of judgment. ("Plaintiff Subclass No. 3")

Plaintiff also seeks certification of the following subclass:

> All former employees of Defendant in the State of California who have been misclassified as independent contractors and were not provided timely payments upon termination of employment with Defendants in violation of California Labor Code sections 201, 202, and 203 during any time between November 10, 2010 and the date of judgment. ("Plaintiff Subclass No. 4").

Plaintiff also seeks certification of the following subclass:

> All current, former, or prospective service technicians or similar type job positions that are misclassified as independent contractors of Defendants in the State of California who have not been provided with accurate itemized wage statements in violation of the California Labor Code and applicable wage orders during any time between November 10, 2010 and the date of judgment. ("Plaintiff Subclass No. 5").

Plaintiff reserves the right, under Rule 3.765 of the California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

45.     This action has been brought and may properly be maintained as a class action, under the provisions of California Code of Civil Procedure section 382, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as well as for the other reasons explained in this Complaint.

46.     The persons who comprise Plaintiff Classes are so numerous that the joinder of all such persons would be unfeasible and impracticable. The membership of Plaintiff Classes is

-10-

unknown to Plaintiff at this time; however, members of Plaintiff Classes are estimated to total over two hundred (200) individuals, whose identities are readily ascertainable by inspecting Defendants' payroll records.

47.     Common questions of fact or law, which arise from Defendants' conduct as described in this Complaint and Defendants' continued practice of engaging in illegal payroll and wage and hour policies as to all members of Plaintiff Classes, exist.  This action focuses on Defendants' systematic course of illegal payroll practices or policies, which Defendants applied to all members of Plaintiff Classes in violation of the California Industrial Welfare Commission ("IWC") Wage Orders, the California Labor Code, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations.

48.     Further, these common questions of law or fact predominate over questions affecting only individual members, including (without limitation):

    a.    Whether Defendants misclassified service technicians or similar type job positions as independent contractors;

    b.    whether the fines violated California labor code section 221;

    c.    Whether Defendants engaged in a pattern or practice in California of failing to properly compensate their employees for all hours worked in violation of California law;

    d.    Whether Defendants engaged in a pattern or practice in California of failing to properly compensate their employees for overtime worked in violation of California law;

    e.    Whether Defendants violated California Wage Orders by withholding overtime compensation from the "non-exempt" employees;

    f.    Whether Defendants engaged in a pattern or practice in California of failing to relieve their employees of all duties so they can take one legally mandated meal break every work period of at least five (5) consecutive hours in compliance with California law;

    g.    Whether Defendants engaged in a pattern or practice in California of failing to relieve their employees of all duties so they can take a second legally mandated meal break during every work period of at least ten (10) consecutive hours in compliance with California law;

///

///

-11-

h.   Whether Defendants engaged in a pattern or practice in California of failing to relieve their employees of all duties so they can take their legally mandated ten (10) minute rest period for every four (4) hours worked or major fraction thereof in compliance with California law;

i.   Whether the terminated class of employees described above is entitled to waiting time penalties under California Labor Code section 203 and or underpayment penalties under California Labor Code section 558;

j.   Whether the resigned class of employees described above is entitled to waiting time penalties under California Labor Code section 203 and or underpayment penalties under California Labor Code section 558;

k.   Whether Defendants' policies and procedures concerning how they recorded Plaintiff Classes' hours violated the California Labor Code and IWC Wage Orders;

l.   Whether Defendants engaged in unfair business practices under California Business and Professions Code section 17200, *et seq.*

49.   Defendants' defenses, to the extent that any such defense is applied, are applicable generally to Plaintiff Class and Plaintiff Subclasses and are not distinguishable, to any degree relevant or necessary to defeat predominance in this case.

50.   Plaintiff's claims are typical of the claims of the members of Plaintiff Classes as a whole, all of whom have incurred or will incur damages, including irreparable harm, as a legal (proximate) result of Defendants' common course of conduct as complained of in this Complaint. Plaintiff's claims are typical of Plaintiff Classes because Defendants used their policies and practices to subject Plaintiff and Plaintiff Classes to identical violations of the IWC Wage Orders, California Code of Regulations, California Labor Code, and California Business and Professions Code, which prohibits unfair business practices arising from such violations. Further, the duties and responsibilities of members of Plaintiff Classes were similar and comparable, and any variations in job activities between individual members of Plaintiff Classes are legally insignificant to the issues presented by this action because the central facts remain, to wit, that Plaintiff and Plaintiff Classes (all misclassified by Defendants as independent contractors) were improperly denied full compensation, overtime compensation, mandated meal and rest periods, timely payment of wages upon termination, and accurate itemized wage statements.

-12-

51.     Plaintiff, on behalf of himself, and all others similarly situated, will fairly and adequately protect the interests of all members of Plaintiff Classes, in connection with which he has retained attorneys.  Plaintiff is able to fairly and adequately protect the interests of all members of Plaintiff Classes because it is in Plaintiff's best interests to prosecute the claims alleged herein to obtain full compensation due to him for all services rendered and hours worked. Plaintiff neither has a conflict with Plaintiff Classes nor are his interests antagonistic to those of Plaintiff Classes.  Plaintiff has retained counsel who are competent and experienced in class action litigation.

52.     Under the facts and circumstances set forth above, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each member of Plaintiff Classes inasmuch as joinder of individual members of Plaintiff Classes is not practical and, if the same were practical, said members of Plaintiff Classes could not individually afford the litigation, such that individual litigation would be inappropriately burdensome, not only to said citizens but also to the courts of the nation.

53.     To process individual cases would increase both the expenses and delay not only to members of Plaintiff Classes but also to Defendants and the Court.  In contrast, class action litigation of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each member of Plaintiff Classes, all by way of the comprehensive and efficient supervision of the litigation by a single court.

54.     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiff and Plaintiff Classes.

55.     There is a community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of Plaintiff Classes for the injuries sustained.

-13-

56.     Plaintiff and Plaintiff Classes are entitled to the monies Defendants have unlawfully withheld.  Further, the public is entitled to restitution and disgorgement of those funds Defendants have improperly withheld.  This action is brought as a representative action under California's Unfair Competition Law for the benefit of the public.  Any business that violates the California Labor Code through not paying wages is, by definition, engaging in an unfair business practice, and all causes of action are subject to a four (4) year statute of limitation.

57.     Notice of the pendency and any result or resolution of the litigation can be provided to members of Plaintiff Classes by the usual forms of publication, sending out to members of Plaintiff Classes a notice at their current address, establishing a website were the members of Plaintiff Classes can choose to opt-out, or such other methods of notice as deemed appropriate by the Court.

58.     Without class certification, the prosecution of separate actions by individual members of Plaintiff Classes would create a risk of:  (1) inconsistent or varying adjudications with respect to individual members of Plaintiff Classes that would establish incompatible standards of conduct for Defendants or (2) adjudications with respect to the individual members of Plaintiff Classes that would, as a practical matter, create disparities of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages—Against All Defendants)**
[IWC Wage Order No. 4-2001(3)(A); California Code of Regulation, Title 8, § 11040(3)(A); and California Labor Codes §§ 204, 510, 1194, and 1198]

59.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

60.     This cause of action is brought by Plaintiff on behalf of himself, all persons similarly situated, Plaintiff Class, and the general public.  This cause of action is pled against Defendants.

61.     At all relevant times, California Labor Code section 1198 has provided that it is unlawful to employ persons for longer than the hours set by the IWC without just compensation.

-14-

1    At all relevant times, Defendants were required to compensate Plaintiff and Plaintiff Class for all

2    hours worked. (*See* Cal. Labor Code § 204.)

3        62.    At all relevant times, IWC Wage Order No. 4-2001 applied and applies to

4    Plaintiff's and members of Plaintiff Class' employment with Defendants, and no pertinent

5    exemptions to the California Labor Code apply.

6        63.    The IWC Wage Order No. 4-2001(3)(A) and California Code of Regulation, title 8,

7    section 11040(3)(A) provide that eight hours of labor constitutes a day's work, and any work in

8    excess of 8 hours in one workday, any work in excess of 40 hours in any one workweek, and the

9    first 8 hours worked on the seventh day of work in any one workweek shall be compensated at a

10   rate of no less than one and one-half times an employee's regular rate of pay.  Further, any work in

11   excess of 12 hours in one day shall be compensated at the rate of no less than twice his or her

12   regular rate of pay.  Additionally, work in excess of six consecutive days in a single workweek

13   shall be compensated at the rate of one and one-half times the employee's regular rate of pay for

14   the first 8 hours of work on the seventh work day, and double his or her regular rate of pay for

15   hours worked in excess of 8 hours on the seventh consecutive work day.

16       64.    California Labor Code section 1194 provides that an employee who has not been

17   paid overtime compensation as required by section 1198 may recover the unpaid balance of the

18   full amount of such overtime compensation, together with attorneys' fees, costs of suit, as well as

19   liquidated damages in an amount equal to the overtime compensation unlawfully withheld and

20   interest thereon in a civil action.  The action may be maintained directly against the employer in

21   his name without first filing a claim with the Department of Labor Standards and Enforcement.

22       65.    California Labor Code section 510 codifies the right to overtime compensation at

23   one-and-one-half the regular rate of pay for hours worked in excess of 8 hours in one day, 40

24   hours in a week, or for the first 8 hours worked on the seventh day of work and to overtime

25   compensation at twice the regular rate of pay for hours worked in excess of 12 hours in a day or in

26   excess of 8 hours in a day on the seventh day of work.

27   ///

28   ///

-15-

CLASS ACTION COMPLAINT FOR DAMAGES

66. During the relevant time period, Plaintiff and other members of Plaintiff Class worked in excess of both 8 and 12 hours in a single day, in excess of 40 hours in a week, and also worked in excess of 8 and 12 hours on the seventh day of work.

67. During the relevant time period, Defendants intentionally and improperly failed to pay all wages earned by Plaintiff and the members of Plaintiff Class. Also, Defendants intentionally and improperly failed to pay overtime wages owed to Plaintiff and Plaintiff Class.

68. Under the California Labor Code sections cited herein, Plaintiff and Plaintiff Class are entitled to recover compensation for the four (4) years preceding the filing of this Class Action Complaint. Plaintiff and Plaintiff Class are entitled to recover compensation, plus reasonable attorneys' fees and costs under California Labor Code sections 218.5 and 1194, and penalties under California Labor Code sections 203, 226, and 558.

69. By virtue of Defendants' unlawful failure to pay all compensation owed and unlawful failure to pay additional compensation to Plaintiff and Plaintiff Class for their overtime hours, members of Plaintiff Class have incurred, and will continue to incur, damages in amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional limits of this Court.

70. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, knew or should have known that Plaintiff and members of Plaintiff Class were misclassified as independent contractors, were entitled to be paid for all time worked and all overtime worked, and were not being paid for all time worked and all overtime worked.

71. As a direct and legal (proximate) result of Defendants' violation of the California Labor Code and applicable Wage Orders, Plaintiff and Plaintiff Class have been damaged.

72. Under California Labor Code sections 1194 and 1199, Plaintiff and each Plaintiff Class member are entitled to receive and do request recovery of unpaid overtime wages, interest, penalties, reasonable attorneys' fees, and costs incurred in this action in an amount to be proven at or following trial of this matter.

///

///

-16-

### SECOND CAUSE OF ACTON
#### (Failure to Provide Meal Periods—Against All Defendants)
[IWC Wage Order No. 4-2001(11); California Code of Regulations, Title 8, § 11040(11); California Labor Code § 512]

73.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

74.     This cause of action is brought by Plaintiff on behalf of himself and all others similarly situated, Plaintiff Subclass No. 1, and the general public.  This cause of action is pled against Defendants.

75.     No employer shall employ any person for a work period of more than five (5) hours without one meal period of not less than 30 minutes or two meal periods for every ten (10) hours of work. (Cal. Labor Code § 512.)  Employers must authorize and permit all employees to take a duty free meal period of at least thirty (30) minutes for every five (5) hours worked within the first five hours of employees' shifts. (IWC Wage Order 4-2001(11)(A); 8 CCR § 11040(11)(A).)

76.     During the relevant time period, Defendants failed to provide Plaintiff and Plaintiff Subclass No. 1 meal periods as required by law.

77.     Plaintiff and Plaintiff Subclass No. 1 are entitled to damages under California Labor Code section 226.7 at one (1) additional hour of pay at the employees' regular rates of pay for each work day that a meal period was not provided.  Additionally, if an employer fails to provide an employee legally compliant meal periods, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. (IWC Wage Order 4-2001(11)(B); 8 CCR § 11040(11)(B).)

78.     By virtue of the Defendants' unlawful failure to provide legally compliant meal periods to Plaintiff and Plaintiff Subclass No. 1, Plaintiff and Plaintiff Subclass No. 1 have incurred, and will continue to incur, damages in amounts exceeding this Court's jurisdictional limits.  Plaintiff and Plaintiff Subclass No. 1 are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely and knowingly elected not to provide legally-complaint meal periods.

///

///

-17-

79.     By their failure to provide minimum 30-minute meal periods for days when Plaintiff and members of Plaintiff Subclass No. 1 worked over 5 hours, a second meal period for days when Plaintiff and Plaintiff Subclass No. 1 worked over 10 hours, or premium pay compensation in lieu thereof, Defendants willfully circumvented the provisions of the California Labor Code and applicable IWC Wage Orders, Regulations and Statutes, all to the detriment of Plaintiff and Plaintiff Subclass No. 1.  As a result of Defendants' unlawful acts, Plaintiff and each member of Plaintiff Subclass No. 1 has been deprived of premium wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest in penalties thereon, and reasonable attorneys' fees and costs.

80.     Additionally, Plaintiff and Plaintiff Subclass No. 1 are entitled to seek and recover reasonable attorneys' fees and costs under California Labor Code sections 218.5 and 1194, and penalties under California Labor Code sections 203, 226, and 558.

### THIRD CAUSE OF ACTION
**(Failure to Provide Rest Periods—Against All Defendants)**
[IWC Wage Order No. 4-2001(12); California Code of Regulations, Title 8, § 11040(12); California Labor Code § 226.7]

81.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

82.     This cause of action is brought by Plaintiff, on behalf of himself and all others similarly situated, Plaintiff Subclass No. 2, and the general public.  This cause of action is pled against Defendants.

83.     Employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours, or major fraction thereof. (IWC Wage Order 4-2001(12)(A); 8 CCR § 11040(12)(A).)

84.     When an employer fails to provide an employee legally-compliant rest periods, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. (Cal. Labor Code § 226.7; IWC Wage Order 4-2001(12)(B); 8 CCR § 11040(12)(B).)

85. Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and members of the Plaintiff Subclass No. 2 in violation of IWC Wage-Order 4-2001(12)(A) and California Code of Regulation, title 8, section 11040(12)(B).

86. For at least four years preceding the filing this action, Defendants failed to provide Plaintiff and the Plaintiff Subclass No. 3 rest periods as required by law.

87. By virtue of the Defendants' unlawful failure to provide rest periods to Plaintiff and Plaintiff Subclass No. 2, Plaintiff and Plaintiff Subclass No. 2 have incurred, and will continue to incur, damages in amounts which are presently unknown to Plaintiff and Plaintiff Subclass No. 2, but which exceed this Court's jurisdictional limits and which will be ascertained according to proof at trial.

88. Plaintiff and members of Plaintiff Subclass No. 2 are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff and the Plaintiff Subclass No. 2 were entitled to rest periods and purposely elected not to provide rest periods.

89. Defendants, and each of them, acted intentionally, oppressively, and maliciously toward Plaintiff and Plaintiff Subclass No. 2 with a conscious disregard of their rights or the consequences to Plaintiff and Plaintiff Subclass No. 2, with the intent of depriving Plaintiff and Plaintiff Subclass No. 2 of property and legal rights and otherwise causing Plaintiff and Plaintiff Subclass No. 3 injury.

90. Plaintiff, on behalf of himself and all others similarly situated, requests recovery of rest period compensation under IWC Wage Order 4-2001(12)(B), California Code of Regulation, title 8, section 11040(12)(B) and the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the California Labor Code or other statutes.

91. Further, Plaintiff and Plaintiff Subclass No. 2 are entitled to seek and recover reasonable attorneys' fees and costs under California Labor Code sections 218.5 and 1194, and penalties under California Labor Code sections 203, 226, and 558.

///

///

## FOURTH CAUSE OF ACTION
### (Illegal Wage Deductions—Against All Defendants)
[California Labor Code §§ 221, 225, 225.5]

92.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

93.     This cause of action is brought by Plaintiff and Plaintiff Subclass No. 3 against Defendants.

94.     It is illegal for an employer to collect or receive from an employee any part of wages paid by the employer to the employee. (Cal. Labor Code § 221.)

95.     California deems violations of California Labor Code section 221 to be so important to discourage that violations of California Labor Code section 221 are misdemeanors. (Cal. Labor Code § 225.)

96.     Defendants unlawfully withheld and deducted wages from Plaintiff and Plaintiff Subclass No. 3 by deducted $50.00 penalties under the On Time Guarantee regardless of whether Plaintiff and members of Plaintiff Subclass No. 3 arrived late to an appointment.

97.     A person who unlawfully withholds wages due to any employee in violation of California Labor Code section 221 is subject to a civil penalty of $100 for each initial violation and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld. (Cal. Labor Code 225.5.)

98.     Plaintiff and Plaintiff Subclass No. 3 request recovery of wages unlawfully deducted as well as civil penalties for such unlawful deductions.

## FIFTH CAUSE OF ACTION
### (Waiting Time Violations—Against All Defendants)
[California Labor Code §§ 201, 202, and 203]

99.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

100.    This cause of action is brought by Plaintiff, on behalf of himself and all others similarly situated, Plaintiff Subclass No. 4, and the general public.  This cause of action is pled against Defendants.

-20-

101.    Plaintiff and members of Plaintiff Subclass No. 4 are no longer employed by Defendants. They were either fired or quit within the statute of limitations period applicable to this cause of action. As of the filing of this Complaint, Defendants failed to timely pay all wages due to Plaintiff and members of Plaintiff Subclass No. 4. Plaintiff and Plaintiff Subclass No. 3 are therefore owed penalties under California Labor Code sections 201, 202, and 203.

102.    Defendants' failure to pay wages, including, without limitation, overtime wages, as alleged above, was wrongful insofar as Defendants, and each of them, knew wages were due to Plaintiff and Plaintiff Subclass No. 4, but failed to pay them, thus entitling Plaintiff and Plaintiff Subclass No. 4 to penalties under California Labor Code section 203, which provides that an employee's wages shall continue until paid or for a period of up to thirty days from the time they were due, whichever period is shorter.

103.    More than 30 days have passed since Plaintiff and members of Subclass No. 4 have left Defendants' employ. Defendants have failed to pay Plaintiff and Plaintiff Subclass No. 4 wages that were due to them, wages that were certain at the time of their termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Under California Labor Code section 203, Plaintiff and Plaintiff Subclass No. 4 are entitled to a penalty in the amount of the relevant daily wage multiplied by thirty (30) days, together with interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
**(Failure to Provide Accurate Itemized Employee Wage Statements—Against All Defendants)**
[IWC Wage Order 4-2001(7)(A); California Code of Regulations, Title 8, § 11040(7)(A); California Labor Code § 226 and §§ 1174-1175.]

104.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

105.    This cause of action is brought by Plaintiff, on behalf of himself and all others similarly situated, Plaintiff Subclass No. 5, and the general public. This cause of action is pled against Defendants.

///

///

-21-

106.    IWC Wage Order 4-2001(7)(A), California Code of Regulation, title 8, section 11040(7)(A), and California Labor Code Section 226(a) each require Defendants to provide their employees with accurate itemized wage statements containing various categories of information.

107.    Defendants knowingly and intentionally violated California Labor Code section 226 and the above-identified IWC Wage Order and Code of Regulation by furnishing Plaintiff and each member of Plaintiff Subclass No. 5 inaccurate wage statements by not including the (1) accurate gross wages earned; (2) accurate total number of hours worked; (3) accurate piece-rate units worked and applicable piece rate; (4) all deductions; (5) accurate net wages earned; (6) the last four digits of the employee's social security number or other employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate.  Defendants' failure to comply with California Labor Code section 226 and California Code of Regulation, title 8, section 11050(7) caused injury to Plaintiff and Plaintiff Subclass No. 5.

108.    Employers must maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the actual and correct hours worked daily by the employees, and the wages paid to their employees. (Cal. Labor Code § 1174.)  Defendants have failed to comply with California Labor Code section 1174.  Defendants' failure to comply with California Labor Code section 1174 is a violation of California Labor Code section 1175.

109.    Because Defendants have knowingly and intentionally failed to comply with California Labor Code section 226 on each and every wage statement provided to Plaintiff and members of Plaintiff Subclass No. 5, Plaintiff and Plaintiff Subclass No. 5 are entitled to receive the greater of all actual damages or fifty dollars $50 for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty per employee of $4,000.  Plaintiff and Plaintiff Subclass No. 5 are entitled to an award of costs and reasonable attorney's fees under California Labor Code section 226(e).

///

///

-22-

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition—Against All Defendants)**
[California Business & Professions Code § 17200, *et. seq.*]

110.   Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

111.   This cause of action is brought by Plaintiff and Plaintiff Classes against Defendants.

112.   By and through the conduct described above, Plaintiff and Plaintiff Classes have been deprived of their right to be paid compensation by virtue of their employment with Defendants at regular intervals, in accordance with California Labor Code sections 204, 510, 1194, 1198, and 2810 and were deprived of meal periods in violation of California Labor Code section 512 and California Code of Regulations, title 8, section 11050, and other statutes.

113.   By and through their unfair, unlawful, or fraudulent business practices described above, Defendants have obtained valuable property, money, and services from Plaintiff and Plaintiff Classes and have deprived Plaintiff and Plaintiff Classes of valuable rights and benefits guaranteed by law, all to their detriment.

114.   All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders are unlawful and in violation of public policy.  In addition, such acts are immoral, unethical, oppressive, fraudulent, and unscrupulous, and thereby constitute unfair, unlawful, or fraudulent business practices in violation of California Business and Professions Code section 17200, *et seq.*

115.   Plaintiff and Plaintiff Classes are entitled to, and do, seek such relief as may be necessary to obtain restitution by disgorgement of the profits which the Defendants have acquired, or of which Plaintiff and Plaintiff Classes have been deprived, by means of the above-described unfair, unlawful, or fraudulent business practices.  Therefore, Plaintiff and Plaintiff Classes request that Defendants pay them restitution owed as a result of Defendants' denial of Plaintiff Classes' members' rights to be paid compensation by virtue of their employment with Defendants at regular intervals, in accordance with the requirements of sections 204, 510, 1194, and 1198 of the California Labor Code and Defendants' denial of their rights to meal periods in violation of

-23-

California Labor Code section 512 and California Code of Regulations, title 8, section 11050 and other statutes. Plaintiff and Plaintiff Classes also request an order that Defendants identify, locate, and make restitution to affected members of the general public all funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, under California Business and Professions Code section 17203.

116. Plaintiff and Plaintiff Classes also request that the Court order the Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes obtained by way of their violation of California Business and Professions Code sections 17200, *et seq.*

117. Plaintiff and Plaintiff Classes are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful, or fraudulent.

118. As a result of Defendants' unfair business practices, Plaintiff and Plaintiff Classes have incurred damages and request damages and restitution of all monies and profits to be disgorged from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff Classes pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For Plaintiff to be appointed as class representative;

3. For Plaintiff's counsel to be appointed class counsel;

4. That the Court determine the failure of Defendants to pay appropriate wages to be in violation of the California Labor Code and IWC Wage Orders;

5. That the Defendants be ordered to pay, and judgment be entered for, wages, minimum wages, overtime, and premium pay compensation for Plaintiff and Plaintiff Classes according to proof at trial;

6. For nominal damages;

7. For compensatory damages;

-24-

1    8.    For restitution of all monies due to Plaintiff and Plaintiff Classes, and disgorged

2    profits from the unlawful business practices of Defendants;

3    9.    For a declaratory judgment;

4    10.    For penalties under, *inter alia*, California Labor Code sections 202, 203, 204, 210,

5    218.5, 218.6, 221, 225.5, 226, 226.7, 226.8, 510, 512, 558, 1194, 1194.2, and 2699(f);

6    11.    For interest;

7    12.    For costs of suit and expenses incurred herein under California Labor Code

8    sections 218.5, 226, and 1194;

9    13.    For reasonable attorney's fees and costs under statute, including, *inter alia*,

10   California Labor Code sections 218.5, 226, and 1194; and

11   14.    For all such other and further relief the Court may deem just and proper.

12   DATED:    November 10, 2014                HOGUE & BELONG

13

14                                         By:

15                                             JEFFREY L. HOGUE, ESQ.
                                               TYLER J. BELONG, ESQ.
16                                             BRYCE A. DODDS, ESQ.
                                               Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

-25-

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff Jackie Oneal Usher hereby demands a jury trial.

DATED: November 10, 2014

HOGUE & BELONG

By: _____
JEFFREY L. HOGUE, ESQ.
TYLER J. BELONG, ESQ.
BRYCE A. DODDS, ESQ.
Attorneys for Plaintiffs

-26-

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

White Communications, LLC, an Iowa limited liability company;
DirecTV (CA), Corp., a Delaware corporation; DOES 1-300, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jackie Oneal Usher, individually and on behalf of all others similarly
situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/10/2014** at 04:42:54 PM

Clerk of the Superior Court
By Rachel Harmon, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of San Diego<br>330 W. Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Nº)* 37-2014-00038321-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryce A. Dodds, HOGUE & BELONG, 430 Nutmeg Street, 2nd Floor, San Diego, CA 92103

| DATE: 11/10/2014<br>*(Fecha)* | Clerk, by *R. Harmon*<br>*(Secretario)* R. Harmon | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>BRYCE A. DODDS<br>HOGUE & BELONG<br>430 Nutmeg Street, Second Floor<br>San Diego, CA 92103<br>TELEPHONE NO.: (619) 238-4720   FAX NO. (619) 238-5260<br>ATTORNEY FOR *(Name):* JACKIE ONEAL USHER | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/10/2014** at 04:42:54 PM<br><br>Clerk of the Superior Court<br>By Rachel Harmon,Deputy Clerk |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: 330 W. Broadway |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: Central |

| CASE NAME:<br>USHER v. WHITE COMMUNICATIONS, LLC |
|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>37-2014-00038321-CU-OE-CTL |
|---|---|---|
| [✓] **Unlimited** [ ] **Limited**<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE Judge Joel M. Pressman<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence               f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 10, 2014

Bryce A. Dodds
_____                        ►_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve *a copy of this cover sheet on all* other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/
    Property Damage/Wrongful Death)
    Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
            or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
            domain, landlord/tenant, or
            foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
    Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-
            domestic relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
            harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**