UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE ONEAL USHER, | Civil No. 14cv2938 JAH(BGS) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. | [DOC. # 16] |
| WHITE COMMUNICATIONS, LLC, et al., | |
| Defendant. | |

## INTRODUCTION

Currently pending before this Court is defendant's motion for reconsideration of this Court's prior order granting plaintiff's motion to remand. The motion has been fully briefed. After a careful consideration of the pleadings along with the entire record in this case, and for the reasons set forth below, this Court DENIES defendant's motion.

## BACKGROUND

On September 30, 2015, this Court issued an order granting plaintiff's motion to remand and denied defendant's motion to dismiss as moot. See Doc. # 15. On October 21, 2015, defendant filed the instant motion for reconsideration. See Doc. # 16. No opposition was filed. This Court, having found this motion suitable for disposition without oral argument, takes the motion under submission without oral argument. See CivLR 7.1(d.1).

//

//

<u>DISCUSSION</u>

1. Legal Standard

A court may, upon motion, relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Kona Enters. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

2. Analysis

Defendant contends that this Court should reconsider the motion and deny remand because plaintiff unquestionably seeks more than five million dollars in misclassification penalties, under Cal. Labor Code § 226.8, in addition to other penalties that could be awarded if plaintiff wins. See Doc. # 16-1 at 10. The defendant also argues it would be manifestly unjust to remand the case under these circumstances. See Doc. # 16-1 at 12. This Court does not agree.

This Court finds no reason to reconsider its prior order. The defendant asserts that the Court is bound to accept that CAFA's $5 million jurisdictional minimum is satisfied by the misclassification penalties alone. See Doc. # 16-1 at 11. However, defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum when the amount in controversy is not clear on the face of the complaint. <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The defendant "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds [the jurisdictional minimum]." <u>Singer v. State Farm Mut. Auto. Ins. Co.</u> 116 F.3d 373, 377 (9th Cir. 1997). Here, defendant has not provided any evidence that would persuade the Court that plaintiff's

prayer for relief more likely than not exceeds the CAFA jurisdictional threshold. Thus, this Court finds defendant's contentions fail.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration [doc. # 16] is DENIED.

DATED: January 14, 2016

JOHN A. HOUSTON
United States District Judge